## HUNTER *et al. vs.* COLQUITT, governor.

Where a prosecution in a state court is duly removed to the circuit court of the United States, and the jurisdiction of that court attaches, the subsequent action of the state court in forfeiting the recognizance of the defendant for his non-appearance is *coram non judice* and void; but where the case was never duly removed, and it was dismissed from the United States court on the ground that that court had no jurisdiction of it, a forfeiture of the recognizance for non-appearance in the state court would be good. Before the jurisdiction of the state court will cease in such cases, the jurisdiction of the United States court must attach; and where the jurisdiction of the latter court never attached, that of the former was never lost.

February 19, 1884.

United States Courts. Removal of Causes. Criminal Law. Recognizance. Principal and Surety. Judgments.

Before Judge Brown. Milton Superior Court. August Term, 1883.

Reported in the decision.

Thomas L. Lewis; George Thomas, for plaintiffs in error.

George F. Gober, solicitor general, for defendant.

Blandford, Justice.

Hunter was indicted in the superior court of Milton county for the offense of retailing spirituous liquors without license. He filed his petition with the clerk of the circuit court of the United States to remove said cause from the state court to that court. When the case was reached in that court, it was dismissed by the court, upon the ground that the circuit court of the United States had no jurisdiction of the case. After the case had been entered on the docket of the United States court, and before the dismissal of the same, the case was called in the state court, and Hunter not appearing, a forfeiture *nisi* was entered on his bond for appearance, which was duly served on Hunter and his sureties, and at the succeeding term of the state court, no cause being shown, a forfeiture absolute was entered on said bond. A writ of execution being issued on the latter judgment, and levied on the property of the sureties, they filed their affidavit of illegality, in which they claimed that the judgment absolute was null and void, because the state court had no jurisdiction to render the judgment by reason of the proceedings to remove the case to the United States court. The court below overruled the illegality, and defendant excepted, and assigns said ruling of the court below as error.

The decision of the court below is most manifestly correct. The attempt by the plaintiff in error to remove this case to the circuit court of the United States was an at-

tempt to perpetrate a fraud upon the jurisdiction of that court, and was an attempt to escape the punisment by the state court which he so well merited.

If the United States court had had jurisdiction of the case of plaintiff in error, then there would be some ground to support the illegality, and the case of Davis vs. South Carolina, 107 U. S. (17 Otto), 597, would apply, but the present case falls far short of that case. It was there held, "where such a prosecutionis duly removed, the jurisdiction of the circuit court completely vests, and the subsequent action of the state court forfeiting the recognizance of the defendant for his non-appearance there, is *coram non judice* and void." The present case was never duly removed; the jurisdiction of the circuit court never vested; indeed, it was held by that court that it did not have jurisdiction of the case. Before the jurisdiction of the state court will cease, under the law governing this kind of cases of removal, the jurisdiction of the United States court must attach, and as it never attached in this case, the state court never lost its jurisdiction for one moment, This whole transaction on the part of the plaintiff in error is quite transparent, and reflects no credit upon the parties thereto.

Judgment affirmed.